TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00755-CR







Matthew Mark Picciolo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 94-214-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of burglary of a building. The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for life.

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

 Appellant has filed a pro se brief raising nine points of error. The first complains
that appellate counsel was ineffective because she filed an Anders brief. This contention is based
on counsel's failure to raise as points of error the allegations contained in appellant's other pro
se points of error. Because appellant's other points have no merit, appellate counsel has not been
shown to be ineffective. Point of error one is overruled.

 Appellant's remaining points of error allege ineffective assistance of counsel at
trial. To prevail on this claim, appellant must show that counsel made such serious errors that
he was not functioning effectively as counsel and that these errors prejudiced appellant's defense
to such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State,
694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). We must indulge a strong presumption that counsel's conduct fell
within the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).

 Points two, three, and four complain of matters that are within the scope of trial
strategy: the failure to object to the prosecutor's voir dire questions and the failure to make an
opening statement. Appellant has failed to overcome the presumption that counsel was exercising
reasonable professional judgment. Points of error two, three, and four are overruled.

 Appellant next complains that trial counsel failed to secure the presence of a named
witness and otherwise failed to present defensive evidence. There is no evidence, however, that
the named witness was available and would testify favorably to appellant, or that other favorable
evidence existed. This is also no evidence to support appellant's assertions that counsel failed to
investigate the case or prepare for trial. Points of error five and six are overruled.

 Appellant further contends that trial counsel was ineffective because he failed to
invoke the "Palafox doctrine," more commonly known as the "voucher rule." See Palafox v.
State, 608 S.W.2d 177, 181 (Tex. Crim. App. 1979). Palafox and the rule it stands for have been
overruled. Russeau v. State, 785 S.W.2d 387, 390 (Tex. Crim. App. 1990). Appellant also
contends that counsel was ineffective for failing to object to the allegedly unconstitutional
presumption of intent to steal arising from the commission of burglary at night. Appellant does
not, however, offer any argument or authority in support of this contention. Points of error seven
and eight are overruled.

 Finally, appellant urges that counsel ineffectively permitted the amendment of the
indictment in violation of appellant's right to indictment by grand jury. The amendment was
constitutionally and statutorily permissible. Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc.
Ann. art. 28.10 (West 1989). Appellant further argues that counsel should have requested ten
days to prepare for trial following the amendment. The record reflects that trial began eleven days
after the indictment was amended. Point of error nine is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 1, 1996

Do Not Publish



. The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for life.

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

 Appellant has filed a pro se brief raising nine points of error. The first complains
that appellate counsel was ineffective because she filed an Anders brief. This contention is based
on counsel's failure to raise as points of error the allegations contained in appellant's other pro
se points of error. Because appellant's other points have no merit, appellate counsel has not been
shown to be ineffective. Point of error one is overruled.

 Appellant's remaining points of error allege ineffective assistance of counsel at
trial. To prevail on this claim, appellant must show that counsel made such serious errors that
he was not functioning effectively as counsel and that these errors prejudiced appellant's defense
to such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State,
694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). We must indulge a strong presumption that counsel's conduct fell
within the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).

 Points two, three, and four complain of matters that are within the scope of trial
strategy: the failure to object to the prosecutor's voir dire questions and the failure to make an
opening statement. Appellant has failed to overcome the presumption that counsel was exercising
reasonable professional judgment. Points of error two, three, and four are overruled.

 Appellant next complains that trial counsel failed to secure the presence of a named
witness and otherwise failed to present defensive evidence. There is no evidence, however, that
the named witness was available and would testify favorably to appellant, or that other favorable
evidence existed. This is also no evidence to support appellant's assertions that counsel failed to
investigate the case or prepare for trial. Points of error five and six are overruled.

 Appellant further contends that trial counsel was inef